IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>vs.<br><br>Alfredo Martinez<br>        Defendant(s). | ORDER REGARDING PREPARATION<br>FOR TRIAL<br><br>Case No. A05-0108-09-CR (JWS) |

**IT IS HEREBY ORDERED** as follows: If the defendant has not already done so, but intends to consent to proceed before the Magistrate Judge, the defendant shall execute and file the **Consent to Proceed Before the Magistrate Judge** form on or before _____. If the consent form is not timely filed by said date, this case will promptly be assigned to a U.S. District Judge for trial.

1. On or before the 23 day of December, 2005 **counsel for the parties shall meet** and personally confer at an agreed time and place, or if an agreement cannot be reached by counsel, then they shall meet at 1:30 p.m. on the 23 day of December, 2005, at the office of counsel for the plaintiff.

The purpose of the conference will be to accomplish on a mutual, reciprocal and voluntary basis all information and

-1-

discovery which could be obtained by resorting to formal motions under any applicable rule of the Federal Rules of Criminal Procedure, or that has been permitted by a decision of the United States Supreme Court, the United States Court of Appeals for the Ninth Circuit, or any United States District Court within the Ninth Circuit; and to openly, meaningfully and candidly discuss the facts, evidence and law pertaining to this case.

   **2. Within 10 days** after the aforementioned conference is held, counsel for plaintiff shall certify to the Court that such a conference was held and the date, time and place of such conference.

   **3.** In order to avoid the frequent serious problems which arise as the result of late filed motions in criminal cases; i.e., motions filed immediately before trial, on or before the __12__ day of __January__, 20__06__, the parties shall file all appropriate and necessary motions for relief sought under **Rules 7, 12, 13, 14, 15, 16, 17, 17.1 and 41 of the Federal Rules of Criminal Procedure.**

   This court's local criminal rules make several of this court's local civil rules applicable where appropriate. Among them is D.Ak.LR 7.1 pertaining to motion practice. See D.Ak.CR 47.1. That rule contemplates that in the ordinary course of briefing motions there will be a motion, a response and then a reply. The limited time permitted by the Speedy Trial Act for pretrial preparation has led to the adoption of a custom or practice on the court's criminal docket in which reply memoranda are almost never filed in a criminal case. **Pursuant to D.Ak.CR 47.1(c), no reply memoranda**

shall be filed with respect to any motion in this case unless specifically requested by the magistrate judge or the district judge in a subsequent order.

4. That no such motions as noted in paragraph 3 may be filed subsequent to that date without leave of court, and for good cause shown.

5. In preparing for trial, counsel shall timely comply with **D.Ak.LR 39.2, 47.1 and 51.1** in a meaningful manner. That trial of this case shall be conducted in accordance with **D.Ak.LR 39.5**.

6. In order to comply with the time limits of this Court's **Speedy Trial Plan** for achieving prompt disposition of criminal cases, the parties may expect the above-entitled case to be set for trial at Anchorage, Alaska, within 70 days from the filing date (and making public) of the Information/Indictment, or from the date the defendant has appeared before a judicial officer of this court, whichever date last occurs, subject to excludable periods of time as computed pursuant to said plan.

7. Unless otherwise ordered by the Court the time for opposing a pretrial motion listed in paragraph 3, above, shall be five **(5)** days from the date of service upon that party.

DATED this _21_ day of _December_, 20_05_ at Anchorage, Alaska.

                                                _/s/ John D. Roberts_
                                                JOHN D. ROBERTS
                                                UNITED STATES MAGISTRATE JUDGE

(Rev 8/04)

AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of Alaska

UNITED STATES OF AMERICA

v.

Alfredo Martinez
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: A05-0108-CR-CR(JWS)

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I—Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☑ (1) There is probable cause to believe that the defendant has committed an offense
  ☑ for which a maximum term of imprisonment of ten years or more is prescribed in 21 USC 846.
  ☐ under 18 U.S.C. § 924(c).
☑ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☐ a preponderance of the evidence that

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

12-21-05
*Date*

*Signature of Judicial Officer*

JOHN D. ROBERTS, U.S. MAGISTRATE JUDGE
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).