DEBORAH M. SMITH
Acting United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | Case No.  3:05-cr-108-9 (JWS) |
| ) | |
| Plaintiff,  ) | |
| ) | RESPONSE TO MOTION FOR A |
| vs.  ) | BILL OF PARTICULARS |
| ) | |
| ALFREDO MARTINEZ,  ) | |
| ) | |
| Defendant.  ) | |
| ) | |

Alfredo Martinez, the defendant, has moved for a bill of particulars.  For the reasons set forth below, the United States opposes the motion.

As a general rule, an indictment that sets forth the offense in the language of the statute itself is sufficient to satisfy the notice requirements. *United States v. Ely*,

142 F.3d 1112, 1120 (9th Cir.1997); see also *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir.1995) (holding that "bare bones" information that tracks the statutory language is generally sufficient).  An indictment need not allege the government's theory of the case or detail the evidence to be presented at trial. *See United States v. Mustachio*, 968 F.2d 782, 787 (9th Cir.1991); *see also United States v. Cochrane*, 985 F.2d 1027, 1031 (9th Cir.1993).  An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy. *Hamling v. United States*, 418 U.S. 87(1974).  Two corollary purposes of an indictment are: (1) to ensure that the defendants are being prosecuted on the basis of the facts presented to the grand jury, and (2) to allow the court to determine the sufficiency of the indictment.  *See Russell v. United States*, 369 U.S. 749 (1962). The allegations of the indictment are presumed to be true.  *Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n.16 (1952).

     Martinez is charged in Count 1of the current indictment with being a member of a drug trafficking conspiracy that had the following objectives: 1) to distribute and to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21 United States Code Sections 841(a)(1) and 841(b)(1)(A); and 2) to

distribute and to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and 50 grams of actual methamphetamine, in violation of Title 21, United States Code Sections 841(a)(1) and 841(b)(1)(A). The count as presented in the indictment not only sufficiently tracks the language of the statutes to apprise Martinez of the nature of the offense but the count also provides additional details of how the conspiracy is alleged to have been established . The court should therefore deny the motion

Furthermore, because of the discovery the government has provided to the defendants, the United States opposes the motion for a bill of particulars. The legitimate purposes of a bill of particulars are extremely limited. Under Rule 7(f) of the Federal Rules of Criminal Procedures, the only purposes of a bill of particulars are to give a defendant sufficient information about the charges against him in order to: (1) fairly apprise him of the nature of the charge so that he may prepare his defense and avoid prejudicial surprise at trial, and (2) enable him to plead his conviction or acquittal as a bar to a second prosecution for the same offense.[1]  *See, e.g., United States v. Ayers*, 924 F.2d 1468 (9th Cir. 1991); *United*

---

[1] The threat of double jeopardy has been substantially reduced by statute, e.g., 28 U.S.C. § 1731, and case law, e.g., Russell v. United States 369 U.S. 749, 764 (1962); United States v. Haldeman, 559 F.2d 31, 126 (D.C. Cir. 1976), by giving all defendants recourse to the entire trial record should they ever have to plead former jeopardy. See also Note, Indictment Sufficiency, 70 Colum.L.Rev. 876, 885 (1970).

*States v. Drebin*, 557 F.2d 1316, 1325 (9th Cir. 1977); *Cook v. United States*, 354 F.2d 529, 531 (9th Cir. 1965); *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963).

As far as the government is aware, Martinez has never previously been convicted of any offense related to the charges contained in the indictment. The only pertinent question, therefore, is "whether adequate notice of the charge has been given to the defendant." Wright, Federal Practice and Procedure, Criminal § 129, p. 289 (West 1969). To fulfill these purposes, the indictment need only allege the essential elements of the offenses within the language of the statute. *United States v. Tavelman*, 650 F.2d 1133, 1137 (9th Cir. 1981); *United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982); *United States v. Lurz*, 666 F.2d 69, 78 (4th Cir. 1981). Thus, "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crimes." *United States v. Tramunti*, 513 F.2d 1087, 1113 (2nd Cir. 1975).

Where, as in this case, the indictment and discovery give the necessary details of the offenses alleged, Martinez is not entitled to a bill of particulars. *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984); *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983); *United States v. Chenaur*, 552 F.2d 294, 300-302 (9th Cir. 1977); *Drebin*, 577 F.2d at 1325; *United States v. Clay*, 476 F.2d

1211, 1215 (9th Cir. 1973). Martinez has had open access to all of the discovery in this case and has had ample opportunity to make arrangements to inspect this discovery. The information Martinez specifically seeks is adequately set forth in both the indictment and the discovery made available to him.

A defendant may not use a motion for a bill of particulars to inquire into the means or manner by which a defendant committed a specific criminal act. *See, e.g., United States v. Gray*, 464 F.2d 632, 635 (8th Cir. 1972) (manner of offense); *Ellis v. United States*, 321 F.2d 931, 932 (9th Cir. 1963) (denied bill of particulars requesting information regarding means used by defendant to aid and abet offense); *Pines v. United States*, 123 F.2d 825 (9th Cir. 1941) (disclosure of manner and means not required). Furthermore, a defendant may not use a bill of particulars to seek disclosure of the identity of any unindicted coconspirators. *United States v. Dicesare*, 765 F.2d 890, 897-8 (9th Cir. 1985).

The indictment clearly informs Martinez of the charge, the approximate dates of the offense, and the location of the alleged crimes. Through discovery, Martinez knows the specifics about the charge. Although a defendant is not entitled to know the entire evidentiary case of the United States prior to trial, Martinez knows quite a bit about the government's case. The indictment is written with sufficient clarity to enable the defendants to defend themselves against the

charges as well as protect themselves from future prosecution for the same conduct. The United States has made available to Martinez substantial discovery that further illuminates the government's case.

This court should therefore deny the defendants's motion for a bill of particulars.

RESPECTFULLY SUBMITTED this day, April 11, 2006, in Anchorage, Alaska.

> DEBORAH M. SMITH
> Acting United States Attorney
>
> s/Stephan A. Collins
> Assistant U.S. Attorney
> 222 West 7th Ave., #9, Rm. 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-5071
> Fax: (907) 271-1500
> E-mail: stephan.collins@usdoj.gov
> AK # 8911061

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2006
a copy of the foregoing was served
electronically:

Allan Beiswenger, Esq.

s/ Stephan A. Collins