DEBORAH M. SMITH
Acting United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case  No.  3:05-cr-108 (JWS) |
| ) | |
| Plaintiff, ) | |
| ) | RESPONSE TO MOTION FOR |
| vs. ) | DISCOVERY |
| ) | |
| ALFREDO MARTINEZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Alfredo Martinez, the defendant, moves for production of discovery.  The

United States submits the following responses to the specific paragraphs

identifying the material Hernandez seeks.

Paragraph 1. Martinez seeks any and all exculpatory evidence. Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), the United States acknowledges its obligation to provide exculpatory evidence of which it is aware and in its possession, pursuant to *Brady*. Thus, as soon as the United States becomes aware of or comes into possession of any exculpatory evidence, the United States will produce that evidence to Martinez.

The United States is also aware of its obligation to provide any information in its possession or control that affects the credibility of its witnesses. The only production obligation on the government is to produce such information after the witness has testified. In order to foster a more efficient trial atmosphere, the United States will produce any such impeachment information, including any information that addresses a witnesses agreement or understanding about whatever perceived benefits that may enure to that witnesses as a result of testifying, three days before the commencement of trial.

Paragraphs 2. The United States has previously agreed to provide this material to Martinez and has provided this material. If he believes that he has not received any particular piece of discovery or has misplaced his original copy, Martinez may contact the United States and the government will provide additional

copies. As far as the Untied States is aware, Martinez is not an organization as encompassed by Fed. R. Crim. P. 16(a)(1)(C).

Paragraph 3. The United States agrees to provide this information and has already provided the laboratory reports for the controlled substances alleged to have been seized in relation the drug trafficking charges contained in the indictment. The United States intends to introduce the laboratory reports into evidence and the testimony of the laboratory personnel who conducted the analysis. If upon review Martinez does not find the copies of these laboratory reports, the Untied State will provide additional copies.

Paragraph 4. Without citation to any authority, Martinez seeks production of the transcripts of the grand jury proceedings that resulted in the indictment in this case. The United States opposes this request.

Essentially, Martinez seeks a wholesale disclosure of all matters occurring before the grand jury. The defendant simply ignores the existence of the "long-established policy that maintains the secrecy of the grand jury proceedings in federal court." *United States v. Proctor & Gamble*, 356 U.S. 677, 681 (1950); *Douglas Oil Company v. Petrol Stops Northwest*, 44l U.S. 211, 219 (1979). *See also Pittsburgh Plate Glass Company v. United States*, 360 U.S. 395 (1959); *In Re Grand Jury Disclosure*, 550 F. Supp. 1171 (E.D. Va. 1982).

Contrary to his unsupported assertion, in order to lift the veil of secrecy, one seeking disclosure must show a "particularized need" for such disclosure. *Dennis v. United States*, 384 U.S. 855, 868-875 (1966). To show a "particularized need", defendants must establish that the material they seek is needed: (1) to avoid a possible injustice in another judicial proceeding, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that their request is structured to cover only the material so needed. *Douglas Oil*, 441 U.S. at 221-222, *citing Proctor & Gamble Co.*, 356 U.S. 677. The standard of particularized need is narrowly applied to ensure that only relevant grand jury testimony is made available to defendants. *United States v. Kim*, 577 F.2d 473, 478 (9th Cir. 1978). The court will not invade grand jury secrecy based on a defendant's fishing expedition. *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980).

In considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries. Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties. Concern as to the future consequences of frank and full

testimony is heightened where the witness is an employee of a company under investigation. Thus, the interest in grand jury secrecy, although reduced, are not eliminated merely because the grand jury ended its activities. *Douglas Oil*, 441 U.S. at 222-223.

Martinez has not approached the required showing of particularized need. Far from having a basis in demonstrated and particularized need, his request is nothing more that a bald request. It is a fishing expedition in the purest sense. The nature of the compelling need to justify pre-trial disclosure of grand jury minutes has been properly stated as "a gross and prejudicial irregularity influencing the grand jury." *United States v. Leonelli*, 428 F. Supp. 880, 883 (S.D.N.Y. 1977); *United States v. Dioguardi*, 332 F. Supp. 7, 20 (S.D. N.Y. 1971).

The United States submits that Martinez merely seeks grand jury testimony which is not discoverable on a pre-trial motion. Rather, its disclosure under certain circumstances is controlled by 18 U.S.C. Section 3500, <u>et seq</u>. Because Martinez did not testify before the grand jury, no disclosure of testimony is required at this time. *See United States v. Pelton*, 578 F.2d 701, 709 (8th Cir. 1978). Except for his own testimony, a defendant is not entitled of right to pre-trial access to the testimony before the grand jury. The obligation of the government is merely to make available to a defendant the testimony of a witness before the jury at the

conclusion of the direct testimony of such witness at trial. *United States v. Anderson*, 481 F.2d 685, 692 (4th Cir. 1973).

That said, if the United States calls to testify at trial a person who also previously testified before the grand jury in regard to the presentation of this matter to that body, the United States will provide a copy of that testimony three days before the commencement of trial in this matter.

RESPECTFULLY SUBMITTED this day, April 13, 2006, in Anchorage, Alaska.

                                        DEBORAH M. SMITH
                                        Acting United States Attorney

                                        s/Stephan A. Collins
                                        Assistant U.S. Attorney
                                        222 West 7th Ave., #9, Rm. 253
                                        Anchorage, AK 99513-7567
                                        Phone: (907) 271-5071
                                        Fax: (907) 271-1500
                                        E-mail: stephan.collins@usdoj.gov
                                        AK # 8911061

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2006
a copy of the foregoing was served
electronically:

Allan Besiwenger, Esq.


s/ Stephan A. Collins