# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>vs.<br><br>ALFREDO MARTINEZ,<br><br>　　　　　Defendant. | 3:05-cr-00108-09-JWS-JDR<br><br>**ORDER  ADDRESSING<br>DISCOVERY  MOTIONS**<br><br>(Docket Entries 228 & 229) |

　　　　Defendant Alfredo Martinez seeks a bill of particulars, docket entry 228, and an order requiring the government to provide discovery pursuant to Fed.R.Crim.P. 16, docket entry 229.  These motions are opposed in part by the government at docket entries 239 & 241, respectively.  Upon due consideration of the pleadings, the motions are granted and denied as stated below.

## Motion for Bill of Particulars

The indictment charging Martinez with conspiracy in Count 1 relating to cocaine and methamphetamine trafficking sufficiently track the language of the statute to apprise the defendant of the nature of the offenses alleged. In his motion for bill of particulars, Martinez essentially seeks a partial witness list by requesting the names of persons who allegedly received methamphetamine as charged in the conspiracy count. The defendant is not entitled to a list of government witnesses in a non-capital case. United States v. Steele, 759 F.2d 706, 709 (9th Cir. 1985). Request No. 1 is denied.

Request No. 2 seeks disclosure of the amount of methamphetamine allegedly delivered by Martinez to Carlos Rainey as referenced in overt act No. 4 of the conspiracy. This request is granted only to the extent that the government intends to offer proof at trial of a specific amount of methamphetamine so supplied.

Request No. 2 also seeks a bill of particulars describing the means and manner of Martinez's participation in the shipment of drugs charged in Count 1. The indictment sufficiently informs Martinez of the alleged crime charged in Count 1. Martinez has failed to show that a description of how and where the drugs were supplied is necessary to fairly apprise him of the nature of the charge so that he may prepare a defense and avoid prejudicial surprise at trial or plead his conviction or acquittal as a bar to a second prosecution for the same offense. The defendant may

not use a motion for bill of particulars to inquire into the means or manner by which the defendant committed a specific criminal act. *See, i.e.*, Ellis v. United States, 321 F.2d 931, 932 (9th Cir. 1963); Pines v. United States, 123 F.2d 825 (9th Cir. 1941). Request No. 2 is hereby denied except as stated above.

### Motion for Discovery

The defendant's motion for discovery contains five requests which have each been considered separately as discussed below. The first request seeks exculpatory evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. The United States has acknowledged its obligations under Brady and agrees to produce any impeachment information with respect to federal law enforcement officers the government calls to testify at trial at least three days prior to commencement of trial. Response to motion for discovery, p. 2. The government shall be bound by its response.

Request No. 2 seeking documents from recordings relating to the defendant's statements pursuant to Fed.R.Crim.P. 16(a)(1)(A) & (B) is granted. Rule 16(a)(1)(C) is inapplicable since Martinez is not an organizational defendant.

Request No. 3 seeks expert reports and is non-opposed by the government. Pursuant to Rule 16(a)(1)(F), the request is granted.

Request No. 4 seeks a copy of the grand jury transcript of the indictment returned against Martinez. Martinez did not testify before the grand jury.

He has failed to make a showing of "particularized need" for such disclosure.  *See*, Dennis v. United States, 384 U.S. 855, 868-75 (1966); Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 221-22 (1979).  Thus, the defendant is not entitled a transcript of all of the proceedings before the grand jury relating to his indictment.  The government, however, had agreed to provide a copy of the grand jury testimony of any of its trial witnesses who appeared before the grand jury for use by defense counsel in cross-examination or impeachment.  Except as stated by the government in its response, request No. 4 is denied.

To the extent that the production of discovery does not depend upon the prior testimony of a government witness, the government shall provide such discovery ordered herein no later than fifteen days prior to trial.  Trial is presently set for June 5, 2006.

DATED this 18th day of April, 2006, at Anchorage, Alaska.

/s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge