DEBORAH M. SMITH
Acting United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALFREDO MARTINEZ, ) <br> ) <br> Defendant. ) <br> ) | Case No. 3:05-cr-108-9 (JWS) <br><br> **PLEA AGREEMENT** |

I.   **Introduction**

   A.   Unless the parties subsequently inform the district court in writing of

any additional agreements, this document contains the complete plea agreement

Alfredo Martinez Plea Agreement

between the defendant and the United States. The defendant understands this agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

B.  Unless the parties otherwise inform the district court in writing, the parties expressly agree that Federal Rule of Criminal Procedure 11(c)(1)(B) will control this plea agreement. This means that the defendant may not withdraw from this agreement or the guilty plea(s) if the district court does not adopt the parties's sentencing recommendations at the sentencing hearing.

C.  Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

II.  **What the defendant agrees to do**

A.  I, Alfredo Martinez, the defendant, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, do hereby state my agreement to and understanding of this plea agreement.

I agree the following obligations are material to this agreement. I agree that any violation of or failure to fulfill these obligations will be a material breach of this agreement.

If I breach this agreement, I understand the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, I understand at an appropriate hearing during which any of my disclosures will be admissible, the district court will determine whether I have violated the terms of this agreement; the government's burden will be by a preponderance of the evidence.

B.   **Charge(s) to which the defendant is pleading guilty**

I agree to enter a plea of guilty to Count 1 of the Indictment, which charges me with conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846.

C.   **Statutory Maximum Sentence**

I understand the statutory maximum sentence for Count 1, which charges me with conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. § 846, include the following for the facts upon which my plea(s) will be entered: 1) 20 years imprisonment; 2) a $1 million fine, 3) a $100 mandatory special assessment, and 4) a mandatory

minimum three-year term of supervised release, with a maximum of life. I understand the following may also apply and affect my sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the district court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the district court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the district court may order that I pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

I agree I will owe the entire special assessment in this case on the day the district court imposes sentence. I understand that all payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

D. **Application of the United States Sentencing Guidelines**

I understand the district court must consult the United States Sentencing

Commission Guidelines [U.S.S.G.] when considering the sentence to impose in my case. I understand the U.S.S.G. do not establish the statutory maximum sentence applicable to the offenses to which I am pleading guilty. I also understand that while the U.S.S.G. are not mandatory and that the district court is not bound to impose a sentence recommended by the U.S.S.G., the district court may nonetheless find the sentence recommended by the U.S.S.G. to be reasonable in my case, after considering the factors set forth in 18 U.S.C. § 3553(a).

Below is a summary of a possible sentencing range under the U.S.S.G. for my case. This summary does no include all possible aggravating or mitigating adjustments available under the U.S.S.G. nor does it take into account the effect the factors set forth in 18 U.S.C. § 3553(a) may have upon the district court's sentencing decisions. This summary binds neither the district court, me, nor the United States. I understand that all adjustments to my offense level will be set forth in the pre-sentence report prepared by the U.S. Probation Office, and that both parties will have the opportunity to argue their positions with respect to the base offense level as well as to any upward or downward adjustments that may affect my guideline offense level. I understand the district court has the

discretion to ultimately impose a sentence that is higher than or lower than the range contained in the summary. I understand and agree the district court will apply the preponderance of evidence standard of proof when resolving any factual disputes regarding my guideline sentence calculation. I understand that the discussions between my attorney and me concerning my sentence exposure or the possible sentence the district court might impose are only estimates and do not bind the district court.

*SUMMARY:*

*NON BINDING ESTIMATED BASE OFFENSE LEVEL* .... *32*

*ACCEPTANCE OF RESPONSIBILITY* .................... *-3*

*NON BINDING ESTIMATED TOTAL* ..................... *29*

*NON BINDING ESTIMATED CRIMINAL HISTORY* ....... *III*

*NON BINDING ESTIMATED SENTENCING RANGE* ..................... *108-135 months*

*SUPERVISED RELEASE RANGE* .......... *min. 4 years - Life*

*FINE RANGE* ........................... *$15,000 - $150,000*

E. **Additional consequences of a felony conviction**

I understand that any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, and welfare, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. I further understand that as a result of my conviction, I may be subject to deportation from the United States and will not be permitted to return unless I receive the prior approval from the United States Attorney General.

**F. Elements of the offense(s)**

My attorney has explained the charge(s) to which I am pleading guilty and the elements necessary to establish my guilty plea(s). The district court will further advise me of the necessary elements.

I understand that in order to sustain a conviction for conspiracy to possess with intent to distribute and to distribute a controlled substance, a violation of 21 U.S.C. § 846, as charged in this case, the United States would have to prove beyond a reasonable doubt the following elements:

First, there was an agreement between two or more persons to possess with intent to distribute and to distribute controlled substances; and

Alfredo Martinez Plea Agreement

Second, I became a member of this agreement knowing that the objects of the conspiracy were to possess with intent to distribute a mixture and substance containing methamphetamine, and that I joined with the intent to help accomplish these objectives.

I understand the phrase "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

### G. Factual basis for the plea(s)

I admit that the allegations against me in Count 1 of the Indictment are true and stipulate the following minimum factual basis for my plea(s) is true and supports my guilty plea(s) in this case:

Sometime between April, 2003, and November 15, 2005, I, Alfredo Martinez, the defendant, became a member of an agreement with at least two other individuals named in the Indictment in this case. I and my co-conspirators had agreed to distribute and to possess with intent to distribute a mixture and substance containing methamphetamine. I joined this agreement knowing that this group would be distributing methamphetamine in Alaska and Washington

and I joined with the intent to help accomplish these goals. During the time I was a member of this agreement, I and other members of this agreement distribute a mixture and substance containing methamphetamine.

### H. Waiver of trial, appellate, and collateral attack rights

I understand I have the following rights:

- -- The right to have the charges against me presented to the grand jury prior to entering my plea of guilty;

- -- The right to plead not guilty or to persist in that plea if it has already been made;

- -- The right to a speedy and public trial by jury on the factual issues establishing my guilt or my sentence, and any issue affecting my interest in any forfeitable assets;

- -- The right to object to the composition of the grand or petit jury;

- -- The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

- -- The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial -- I understand I am not waiving my right to have counsel continue to represent me during the sentencing phase of my case;
- -- The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;
- -- The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;
- -- The right to contest the validity of any searches conducted on my property or person; and
- -- The right to appeal my conviction and sentence.

By pleading guilty pursuant to this agreement, I understand and agree I am waiving all of these applicable rights including my right to appeal my conviction(s). I further agree that if the district court imposes a sentence that does not exceed the statutory maximum sentence – as set forth in section II C above in this agreement, I am waiving without exception my right to appeal on

all grounds contained in 18 U.S.C. § 3742 the sentence the district court imposes upon me – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution. Additionally, I also knowingly and voluntarily agree to waive all right to collaterally attack my conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution– the district court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to me and which, in the exercise of reasonable diligence, could not be known by me at the time the court imposes sentence; and 2) a challenge to the voluntariness of my guilty plea(s). I understand a collateral attack is an additional means separate from an appeal by which I could challenge my conviction or sentence. I also agree that if the my guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if my sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute me on all charges arising out of the investigation of this case for which there is

Alfredo Martinez Plea Agreement

probable cause.

I. **Satisfaction with counsel**

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the district court and enter my guilty plea(s). My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

III. **What the United States agrees to do**

A. In exchange for the defendant's plea(s) of guilty to Count 1, the United States agrees that it will not prosecute the defendant further for any offense -- now known -- arising out of the subject of the investigation related to the charging instrument in this case and the defendant's admissions in support of the guilty plea(s). Provided, however, if the defendant's guilty plea(s) is/are

rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause, including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements.

B.  If the defendant is completely candid and truthful with both the district court and the United States Probation Office in admitting the underlying criminal conduct and the defendant meets the criteria set out in U.S.S.G. § 3E1.1, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

## IV. Adequacy of the agreement

Pursuant to Local Criminal Rule 11.2 (D)(8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## V. The defendant's acceptance of the terms of this plea agreement

By my signature below, I, Alfredo Martinez, affirm this document contains all of the agreements made between me– with the assistance of my attorney– and the United States regarding my plea(s). There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the district court in writing before I enter my guilty plea(s).

I understand that I have a right to plead not guilty and proceed to trial, and that no one can force me to plead guilty. I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the district court

may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea. If there were, I would so inform the district court.

I understand the district court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the district court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the court.

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Count 1.

Case 3:05-cr-00108-JWS    Document 309    Filed 05/31/2006    Page 16 of 17

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Count 1.

DATED: 5-24-06

ALFREDO MARTINEZ
Defendant

As counsel for the defendant, I have discussed with the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: May 24, 2006

ALLAN BEISWENGER
Attorney for Alfredo Martinez

\\

\\

\\

\\

Page 16 of 17

On behalf of the United States, the following accept Alfredo Martinez's offer to plead guilty under the terms of this plea agreement.

DATED: 5/31/06

_____
DEBORAH M. SMITH
Acting United States Attorney