IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | |
| ) | |
| ALFREDO MARTINEZ, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | Case No. A05-0108 CR (JWS) |

**DEFENDANT'S SENTENCING MEMORANDUM**

Comes now the Defendant, Alfredo Martinez, by and through his attorney, Allan Beiswenger, and files his sentencing memorandum and factors in consideration of his sentence.

Mr. Martinez entered into a plea agreement with the United States. Mr. Martinez entered a plea of guilty to Count 1 of the indictment against him, charging him with conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 and 841 (a)(1). No admission was made regarding the quantity of drugs for which Mr. Martinez was responsible, and the possible sentencing range was from 0 to 20 years, with no mandatory minimum sentence. See 21 U.S.C. § 841 (b)(1)(C).

Other terms included the agreement of the United States Government not to file any additional charges, and to recommend a guideline adjustment for acceptance of responsibility. Mr. Martinez agreed to waive any

Allan Beiswenger
Attorney at Law
1101 W 7th Ave.
Anchorage, AK 99501
(907) 868-1280
Fax (907) 258-6419

appellate rights of his conviction, and of his sentence.  No agreement was made regarding the applicable advisory guideline range under 18 U.S.C. § 3553(a).

The decision in *United States v. Booker,* 125 S.Ct. 735(2005) holds that the Federal Sentencing Guidelines are advisory.  In the recent Ninth Circuit Court of Appeals decision in *Zavala v. United States*[1] the court held that District Courts may consider the guideline range as a "starting point" but that they should not be accorded undue weight.  District Courts

> ". . . must properly use the Guideline calculation as advisory and start there, but they must not accord it greater weight than they accord the other § 3553(a) factors.  Rather, they must consider all of the information before them, as they used to do, and then reach for the correct sentence under all the circumstances."[2]

The relevant factors set forth in 18 U.S.C. § 3553(a) for sentencing are:

> A.    Factors to be considered in imposing a sentence.  The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider – –
>
> 1.    the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> 2.    the need for the sentence imposed
>
> a.    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> b.    to afford adequate deterrence to criminal conduct;
>
> c.    to protect the public from further crimes of the defendant; and

Allan Beiswenger
Attorney at Law
1101 W 7th Ave.
Anchorage, AK 99501
(907) 868-1280
Fax (907) 258-6419

---

[1]  443 F.3d 1165, 1171 (9th Cir. 2006), *en banc review granted*
[2]  *Id.*

    d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    3. the kinds of sentences available;

    4. the kinds of sentence and the sentencing range established for – –

    a. the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines – –

    i issued by the Sentencing Commission pursuant to <u>section 994(a)(1) of title 28, United States Code</u>, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    ii that, except as provided in section 3742(g) [<u>18 USCS § 3742(g)</u>], are in effect on the date the defendant is sentenced; or

    b. in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to <u>section 994(a) (3) of title 28, United States Code</u>, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

    5. any pertinent policy statement – –

    a. issued by the Sentencing Commission pursuant to <u>section 994(a) (2) of title 28, United States Code</u>, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    b. that, except as provided in section 3742(g) [<u>18 USCS § 3742(g)</u>], is in effect on the date the defendant is sentenced.

    6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

Allan Beiswenger
Attorney at Law
1101 W 7th Ave.
Anchorage, AK 99501
(907) 868-1280
Fax (907) 258-6419

SENTENCING MEMORANDUM    CASE NO. A05-108 CR
USA vs. Alfredo Martinez    Page 3 of 11

7.    the need to provide restitution to any victims of the offense.

See also *Booker,* 125 S.Ct. at 764.

The various factors provide a common sense approach to protect society, reaffirm societal norms, provide treatment for a defendant, and bring respect for the process.

Before the Court for sentencing is a thirty-two year old devoted family man who has made his living modifying vehicles for custom car shows.  He has operated his own business, Gator Customs, since approximately 1999.  He met individuals involved with the conspiracy, specifically Damon Stevens and Carlos Rainey, when doing modifications on their vehicles.  Mr. Martinez was struggling to provide for his children, as the expenses kept rising, especially as his children got older.  His step-daughter, Tenisha, whom Mr. Martinez has raised since her infancy and whom he considers  his daughter, is fifteen years old and a gifted student and musician, with the associated expenses.

Mr. Martinez saw the money Stevens and Rainey had to spend, and was lured into joining the conspiracy for purposes of generating funds to help support his family.  But his involvement was extremely limited and his actions have served to disrupt, if not destroy, his family.  The problems experienced by his family, the loss of his business and shop, and his impending deportation are certainly punishment enough.

Allan Beiswenger
Attorney at Law
1101 W 7th Ave.
Anchorage, AK 99501
(907) 868-1280
Fax (907) 258-6419

**ARGUMENT**

1.    Guideline Range

Mr. Martinez contests the applicable Guideline calculation as set forth in the Presentence Report.  Specifically, he objects to the "quantity" of drugs attributed to him.

Mr. Martinez pled guilty to Count I of the indictment, charging him with conspiracy to distribute controlled substances.  No "amount" was admitted by Mr. Martinez.  The presentence report attributes to Mr. Martinez 435.5 grams of actual methamphetamine. Mr. Martinez has not admitted supplying these drugs and objects to their inclusion in calculating his Base Level Offense.

The presentence report arrives at the drug quantity attributed to Mr. Martinez by totaling the amounts of methamphetamine sold by other members of the conspiracy, specifically Mr. McKinnon, Mr. Rainey, and Mr. Pluid, to undercover agents in Alaska.  These sales occurred in Alaska on April 8th, May 20th, August 12th, and August 22nd, 2005.   There is no evidence of any packages being sent by Mr. Martinez either to Mr. Rainey in Seattle, or to any co-defendants in Alaska, at the times of the sales.  Nor is there any evidence of funds being wired to Mr. Martinez.

The government would have the burden of establishing the approximated drug quantity at sentencing.  In *United States v. August,* 86 F.3d 151, 154 (9th Cir. 1996), a pre-*Booker* case, the Court held that whenever a factor may increase a defendant's offense level; the government must prove the approximate

Allan Beiswenger
Attorney at Law
1101 W 7th Ave.
Anchorage, AK 99501
(907) 868-1280
Fax (907) 258-6419

quantity attributable to the defendant.  And where there exists "plausible alternatives", the court should "err on the side of caution".  *Id.,* citing *United States v. Walton,* 908 F.2d 1289, 1302 (6th Cir. 1990), *cert. denied* 498 U.S. 906, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990).

The base level offense for the conduct that Mr. Martinez has admitted by virtue of his plea of guilty to the conspiracy, with no additional quantities admitted or established, would be Level 12.  See USSG § 2D1.1(14).  Subtracting 2 points for acceptance of responsibility would result in an adjusted offense level of 10.

Mr. Martinez would agree that his Criminal History Computation would total 8 points, placing him in a Criminal History Category of IV.  But as the presentence report notes, of the 8 points, six points were the result of driving violations, specifically driving with a suspended or revoked license.  See Presentence Report, Paragraph 79.

It is certainly not uncommon for a self-employed individual to find himself or herself in the downward spiral of a revoked or suspended license.  For whatever reason the license is suspended, often requiring rather costly insurance coverage for reinstatement.  In order to obtain the funds, the individual is required to drive, is again charged, and so on, until soon a person has a number of charges and convictions, and an extended period of probation.

Mr. Martinez's other criminal conviction, resulting in 2 points towards his criminal history category, was for a Possession of Marijuana offense for

Allan Beiswenger
Attorney at Law
1101 W 7th Ave.
Anchorage, AK 99501
(907) 868-1280
Fax (907) 258-6419

which he was sentenced on January 26, 1996.  Presentence Report, paragraph 30.  This conviction was just within the applicable time period of ten years set forth in U.S.S.G. § 4A1.2(e)(2).  A downward departure may be warranted where a prior conviction is close to the ten-year time limit for purposes of being counted.  See Commentary, U.S.S.G. § 4A1.3, paragraph 8.

U.S.S.G. § 4A1.2(c)(1) does include convictions for driving with a revoked or suspended license if the sentence imposed included a jail sentence of at least thirty days, and/or a term of probation of at least one year.  But as the sentences for recurring driving offenses become "stacked", the terms of the suspended jail sentences are increased, as are the periods of probation.  It should be noted that for his most recent three convictions for Driving with a Suspended License, he received a Suspended Imposition of Sentence.  See Presentence Report, paragraphs 32, 33, and 34.

U.S.S.G. § 4A1.3(b)(1) allows for a downward departure where ". . . reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history".  The fact that Mr. Martinez continued to drive in order to continue with his livelihood, after his license was suspended, over-represents the seriousness of his criminal history.

2.      Nature and Circumstances of the Offense

Mr. Martinez was lured into the conspiracy in order to provide a more comfortable standard of living for his family, specifically his children.    When

Allan Beiswenger
Attorney at Law
1101 W 7th Ave.
Anchorage, AK 99501
(907) 868-1280
Fax (907) 258-6419

Mr. Martinez began his business, the family resided in a small apartment above his shop. As the business improved, they were able to move into a nearby apartment, but both Mr. Martinez, and his spouse, Hilda, needed to work in order to meet their expenses.

Mr. Martinez was not a major supplier of drugs to the Rainey drug ring. He was never wired large sums of money, nor did he ever receive large sums of money. He and his family lived a very, very basic lifestyle struggling to make ends meet. See PSR, para. 55-58.

3.      The Characteristics of the Offender

Mr. Martinez is a citizen of Mexico, and his status in the United States is that of a legal resident alien though he has resided in the United States since he was three. PSR, paragraph 43. Mr. Martinez dropped out of high school in the 10th grade, at the age of 15, so that he could support his spouse, Hilda, and her child, Tenisha. Mr. Martinez worked as a mechanic, and learned sufficient skills to open his own shop.

Mr. Martinez's vehicles have been featured in various custom car magazines. See Attachment 1. He was able to assemble quality tools, and enjoyed a reputation among "low-rider" aficionados.

Mr. Martinez and his wife had two additional children, Emma (age 13) and Alfred (age 11). PSR, Para. 44. Mr. Martinez has been very involved in his children's lives, assisting with their T-ball and softball teams, and attending the many events in which they participate. See Attachments 2 and 3.

Allan Beiswenger
Attorney at Law
1101 W 7th Ave.
Anchorage, AK 99501
(907) 868-1280
Fax (907) 258-6419

Individuals who have known Mr. Martinez for a long period of time think highly of him, and respect him. See Attachments 4-7. He is a devoted father who, with his wife, has raised three fine children. He has involved himself with the community and has proved himself to be an asset. His character belies his involvement in the Rainey conspiracy.

4.    Rehabilitation

Rehabilitation is generally an important 3553(a)(1) factor. But for purposes of Mr. Martinez, it would not be as important. Mr. Martinez has been able to run his own business for a substantial period of time. He does not suffer from any substance abuse problems. He has proven that he can adhere to societal expectations and norms, and be productive as a father and as a business owner.

Rehabilitation is also somewhat less important in this case as Mr. Martinez will be deported after serving his jail sentence. Deportation is mandatory given his conviction. See 8 U.S.C. § 1227(a)(2)(B).

5.    Deterrence

There is no sentence that the Court could impose that would serve as greater deterrent to Mr. Martinez, beyond the consequences that have already occurred. He has lost his business that took him a number of years to establish. His children are without their father, and his wife is without her husband. Hilda Martinez is now the sole provider for the family, causing her absence from the home. As a result, the children are without their father, and often without their mother.

Allan Beiswenger
Attorney at Law
1101 W 7th Ave.
Anchorage, AK 99501
(907) 868-1280
Fax (907) 258-6419

Mr. Martinez realizes that his behavior in joining the conspiracy has resulted in these hardships to his wife and children. Though caused by a desire to be able to better provide for his family, Mr. Martinez's entry into the conspiracy has had the opposite effect. They are without his support and encouragement, and he is not able to see his children blossom into the responsible adults that they have the potential of becoming.

After any jail sentence is served, Mr. Martinez will be deported to Mexico. In order to be involved with his family, they will have to move to Mexico, further disrupting their lives, or limiting contact between Mr. Martinez and his family.

No, there is likely nothing that the court can do to Mr. Martinez that would further deter him from similar conduct. The loss of his business, family, and friends is more than sufficient.

Similarly, the consequences that have been experienced, and will be experienced, by Mr. Martinez is more than sufficient to deter others who may see becoming involved in a drug conspiracy as a way to make money. It is entirely unnecessary to impose a lengthy prison sentence to get the message across.

## CONCLUSION

In sentencing Mr. Martinez, the Court has a number of factors to consider. What stands out is that the lure of money generated by the sale of drugs can compromise even responsible individuals.

Mr. Martinez did not join the conspiracy to provide himself with more "toys" or to engage in a self-indulgent lifestyle. He wanted to be able to provide his

Allan Beiswenger
Attorney at Law
1101 W 7th Ave.
Anchorage, AK 99501
(907) 868-1280
Fax (907) 258-6419

children with certain benefits that many families take for granted, but that he and his wife were not able to afford given their educations and limited skills.  No one needs to tell Mr. Martinez that the path he attempted to follow in order to provide more advantages for his children will likely cause them to be without their father, and will prevent their mother from being able to spend the time with them that they need.

Depending upon what quantity of drugs the Court views Mr. Martinez being responsible for, his "guidelines range" sentence will vary significantly.  What won't vary is the likelihood of Mr. Martinez's deportation, and the loss of his shop and business that he has already experienced.  It is suggested that a sentence of twenty-four (24) months should be viewed as a "maximum" for purposes of an appropriate sentence for Mr. Martinez.

DATED at Anchorage, Alaska, this 13th day of September 2006.

LAW OFFICES OF
ALLAN BEISWENGER
Attorney for Alfredo Martinez

s/ Allan Beiswenger
1101 W 7th Avenue
Anchorage, AK  99501
Phone: (907) 868-1280
Fax: (907) 258-6419
E-mail: beiswenger@ak.net
Alaska Bar No. 7706074

I HEREBY CERTIFY that on September 13, 2006, the foregoing document was filed electronically.

s/ Allan Beiswenger

Allan Beiswenger
Attorney at Law
1101 W 7th Ave.
Anchorage, AK 99501
(907) 868-1280
Fax (907) 258-6419